UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEROME M. BELL,

                    Petitioner,

v.                                                 9:21-CV-0413
                                                                (GTS/ML)

SCOTT FINLEY, Warden,

                    Respondent.

---

APPEARANCES:                                           OF COUNSEL:

JEROME M. BELL
24992-052
Petitioner, pro se
Schuylkill Federal Correctional Institute
P.O. Box 759
Minersville, PA 17954

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Jerome Bell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").  He is confined at the Schuylkill Federal Correctional Institute ("FCI"), in Schuylkill County, in Minersville, Pennsylvania.  Dkt. No. 1-1.

On April 14, 2021, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis ("IFP") application.  Dkt. No. 2, Administrative Closure Order.  On April 29, 2021, the Court received a properly certified IFP application, and the case was reopened.  Dkt. No. 3, IFP Application; Dkt. No. 4, Text Order (reopening case).

## II.    IFP APPLICATION

Based on petitioner's certified IFP Application, Dkt. No. 3, his application will be granted for purposes of this Order only. Petitioner will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying fees ($.50 per page).

## III.    RELEVANT BACKGROUND

On September 6, 2017, a grand jury returned an indictment against petitioner specifically charging him with one count of conspiracy to knowingly and intentionally distribute and possess with the intent to distribute a controlled substance – 50 grams or more of d-methamphetamine hydrochloride – and one count of conspiracy to commit money laundering. *United States v. Bell*, No. 3:17-CR-0254 (GTS), Dkt. No. 1, Indictment. On December 12, 2017, petitioner pled guilty to Count 1 of the Indictment. *Id.*, Text Minute Entry dated 12/12/17; Dkt. No. 56, Plea Agreement. On March 11, 2019, petitioner was sentenced to 100 months of imprisonment and five years of supervised release. *Id.*, Text Minute Entry dated 03/11/19; Dkt. No. 270, Judgment.[1]

On September 3, 2019, the Court received petitioner's motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35(b). *United States v. Bell*, No. 3:17-CR-0254 (GTS), Dkt. No. 310. The government opposed petitioner's motion. *Id.*, Dkt. No. 313. On September 27, 2019, the Court denied petitioner's motion. *Id.*, Dkt. No. 317, Decision

---

[1] Petitioner was "advised that the Court is giving [him] credit for the First Step Act now, and that when and if he bec[a]me[] eligible under the First Step Act in the future, he ha[d] already received that benefit and would not be eligible for any future benefit under the First Step Act." *United States v. Bell*, No. 3:17-CR-0254 (GTS), Text Minute Entry dated 03/11/19. Petitioner "confirm[ed] that he underst[ood] he is receiving that benefit today and w[ould] not seek further sentencing adjustments under the First Step Act in the future." *Id.*

and Order.

Petitioner then moved for compassionate release due to the COVID-19 pandemic; however, his requests were repeatedly denied. *United States v. Bell*, No. 3:17-CR-0254 (GTS), Dkt. Nos. 346, 349, 362, 364, 365, 367, 368 (requests for compassionate release); *id.*, Dkt. Nos. 347, 361, 366, 370 (orders denying petitioner's requests). Petitioner then unsuccessfully sought reconsideration, and, ultimately, appealed the Court's various decisions denying petitioner's immediate release from prison. *Id.*, Dkt. No. 371, Motion for Reconsideration*; id.*, Dkt. No. 380, Text Order (denying motion for reconsideration); *id.*, Dkt. Nos. 381-82, 385-86, 393, 399-400, 402-405.

## IV.   THE PRESENT PETITION

Petitioner argues that he is entitled to relief because, pursuant to *Goodman v. Ortiz*, No. 1:20-CV-7582, 2020 WL 5015613 (D. N.J. Aug. 25, 2020), he should receive good time credits, courtesy of the First Step Act, after participating in and successfully completing various facility programming. Pet. at 7. Petitioner indicated that he filed grievances at Schuylkill FCI on April 15, 2020, September 22, 2020, and February 12, 2021, respectively. *Id.* at 2. All of the grievances were denied. *Id.*

## V.   DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's

3

computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

Petitioner asserts that he is entitled to relief pursuant to a combination of § 2241 and provisions in the First Step Act of 2018 ("First Step Act"). Pet. at 7. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programing designed to reduce recidivism." *United States v. Simons*, No. 1:07-CR-0874, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019). Among other things, the First Step Act "amends 18 U.S.C. § 3624(b)(1) to change the manner of calculating good-time credit and allow for an increase in the maximum good-time credit from 47 to 54 days per year." *United States v. Scouten*, No. 1:13-CR-0020, 2019 WL 1596881, at *1 (W.D.N.Y. Apr. 15, 2019).

Here, petitioner's argument that both the First Step Act and § 2241 require recalculation of his good time credits for earlier release are insufficient to grant any relief. "[A] § 2241 petition must be filed in the judicial district with jurisdiction over the inmate's current custodian." *See Scouten*, 2019 WL 1596881, at *1 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); 28 U.S.C. §§ 2242, 2243); *see also United States v. Parrett*, No. 2:01-CR-0168, 2019 WL 1574815, at *2 (E.D.Wis. Apr. 11, 2019) (explaining that while a § 2241 would be "the proper vehicle . . . to use to request relief (after exhausting administrative remedies)," such petitions are "properly lodged against . . . th[e] . . . warden of the prison where he is being held [because] . . . jurisdiction lies in only . . . the district of confinement.")

4

(internal quotation marks and citations omitted).  Because petitioner is incarcerated at Schuylkill FCI in Pennsylvania, this Court lacks jurisdiction over his § 2241.  Instead, petitioner should file his petition in the Middle District of Pennsylvania, the district in which he is presently confined.  *See* 28 U.S.C. § 118.

## VI.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petitioner's IFP application, Dkt. No. 3, is **GRANTED** for purposes of this Order only; and it is further

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

Dated: May 11, 2021
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge